JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

Case No.   CV11-7732-MWF (SPx)                    Date:  June 21, 2012
Title:       Kevin Kan v. BAC Home Loan Servicing, LP et al

Present:  The Honorable MICHAEL W. FITZGERALD

| Rita Sanchez | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiff:          Attorneys Present for Defendants:
        Not Present                                    Not Present

**Proceedings:** ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

On January 20, 2012, Court ordered Plaintiff Kevin Kan to correct filing deficiencies by submitting a declaration as required by Fed. R. Civ. P. 55(a) and a completed proof of service.  (Docket No. 8).  Kan did not correct these deficiencies.  Instead, he requested leave to file an amended complaint, which the Court granted.  (Docket No. 12).  Kan did not file an amended complaint.

On May 18, 2012, Kan's Motion for Specific Performance, or in the Alternative, Motion for Summary Judgment was stricken as procedurally improper because it pertained to a deficient complaint.  (Docket No. 16).  The Court *sua sponte* ordered that Plaintiff show cause in writing on or before June 4, 2012, why this action should not be dismissed with prejudice for lack of prosecution, and advised Kan of the existence of a Pro Se Clinic.  (*Id.*).

In the May 18, 2012 Order, the Court stated that failure to respond to the Order to Show Cause would result in dismissal of this action with prejudice for failure to prosecute or to comply with court rules and orders under Federal Rule of Civil Procedure 41(b).  *See also Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002) ("In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."); *Yourish v. Cal. Amplifier*, 191 F.3d 983,

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV11-7732-MWF (SPx)                           Date:  June 21, 2012

Title:       Kevin Kan v. BAC Home Loan Servicing, LP et al

989–92 (9th Cir. 1999) (explaining the factors supporting dismissal with prejudice for failure to prosecute).  Kan neither responded to the Court's Order to Show Cause nor filed an amended complaint.  The Court therefore finds that the *Pagtalunan* factors clearly weigh in favor of dismissal with prejudice.

Accordingly, the action is DISMISSED WITH PREJUDICE for failure to prosecute and failure to comply with court rules and orders.

IT IS SO ORDERED.

Initials of Preparer       RS